**DANIEL NOBEL**                                                 401 Broadway, 25th Floor
  Attorney at Law                                                   New York, NY 10013

*Telephone: (212) 219-2870*
*Fax:        (212) 219-9255*
*E-mail:    dannobelesq@aol.com*

                                                         May 6, 2008

Honorable Denny Chin
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

By ECF

                                       Re: United States v. Yocelyn Ortiz
                                                     08 Cr. 12 (DC)

Dear Judge Chin:

      Yocelyn Ortiz will appear before your Honor on May 14, 2008 for sentencing following her plea of guilty to a single count of violating 21 U.S.C. § 843(b). The recommended Guideline range is driven by the amount of narcotics that were to be purchased with a sum of currency that Ms. Ortiz discussed in a telephone call on August 4, 2007. The call was from her then paramour, codefendant Jose Hernandez. Hernandez directed her to take money that he had left in Ortiz's apartment and to give it to an individual suspected of being the supplier of approximately 200 grams of cocaine. (PSR ¶ 11). While the Guideline range for this conduct is 24 to 30 months, (PSR ¶¶ 59, 16 – 25), consideration of the sentencing factors of 18 U.S.C. § 3553(a)[1] justifies a sentence other than incarceration.

      The overarching mandate of 18 U.S.C. § 3553(a)(1) is for consideration of "the nature and circumstances of the offense and the history and characteristics of the defendant." Yocelyn Ortiz is a young woman of modest talents who was born in Guayama, a small city on the eastern part of Puerto Rico's southern Caribbean coast. The youngest of ten children of working class parents, Ms. Ortiz came to the New York area in 2004, when she was 20 years old. (PSR ¶ 35). Counsel's conversations with Ms. Ortiz and some of the few local members of her family indicate that while they have been, to the extent possible, supportive of Ms. Ortiz she has mostly been on her own after she left Puerto Rico. Ms. Ortiz apparently filled a void in her social network by becoming involved with Jose Hernandez. She subsequently had a child with him. (PSR ¶ 34). After she became pregnant with their daughter, and after the child was born, Ms. Ortiz permitted herself to become financially dependent on Hernandez even though she had by then learned of his involvement in narcotics trafficking.

---

[1] Such consideration is permitted under the plea agreement. (PSR § 4(g)).

Honorable Denny Chin
May 6, 2008
Page 2

      What emerges from this biography is that Ms. Ortiz is a young woman with limited resources who is at fault for succumbing to the advances of a married man who had little regard for her overall well being, and who, when convenient to him, caused her to play an intermittent and ancillary role in his illegal narcotics trade. There is, to counsel's knowledge, no allegation that Ms. Hernandez was anything other than a person who, on occasion, was used by Hernandez as an intermediary. The offense conduct on August 4, 2007 took place during a period when Hernandez was temporarily staying at the apartment he maintained for Ms. Hernandez. The more usual situation was that Mr. Hernandez would drop in on Ms. Ortiz for a few hours. It does not appear that he regularly relied on her to maintain the equivalent of a safe house.

      The totality of the relationship certainly does not make Ms. Ortiz guilt free, but the trajectory of her very limited role in Hernandez's enterprise shows that but for Hernandez she would not have been involved in criminal conduct, and that she did not seek out or initiate any specific act of participation in order to gain some incremental material benefit. These individual characteristics and aspects of her role in the offense impact on the other section 3553(a) criteria. The generalized sentencing requirements of reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, and achieving deterrence are met by a less punitive sentence than would be appropriate for a person whose involvement was other than the passive participation of this minimally functioning young woman. Similarly, the critical sentencing need of providing protection to the public from future criminal conduct does not require a prison sentence for Ms. Ortiz. Ms. Ortiz was compliant to the directions of the individual who was the father of her daughter and who was, sadly, the principal source of her own emotional and financial support following her becoming pregnant. There is no evidence that with the removal of Hernandez from her life that the defendant would, or even could, commit further crimes. Incarceration in this case would, in so far as public safety and welfare are concerned, be superfluous to the reality that she has already reverted to a law abiding life. Ms. Ortiz is attempting to support herself and her daughter as best she can through employment and through careful minimalization of expenses by means such as renting out one of the rooms to her apartment. Counsel is informed that Ms. Ortiz recently lost her job as a waitress and is living off savings and aid provided by her aunt. Ms. Ortiz would like to gain certification as a home aid in order to secure more permanent employment.

      Whatever educational services would benefit Ms. Ortiz in the future, those services could be more effectively and more economically provided while she is living within the community and caring for her daughter. Of the sentencing choices available to this Court, sentences other than incarceration with appropriate requirements for training, the maintenance of employment and submission to court ordered supervision, represent the most effective means to insure not only public safety but also that Ms. Ortiz will be able to support herself and raise her daughter at

Honorable Denny Chin
May 6, 2008
Page 3

minimal public cost. Such a sentence would also minimize future adverse consequences that would result should her daughter be deprived of parental contact and support at this critical stage of her infancy. There are sparse familial resources to provide substitute care for a one year old either in New York or in Puerto Rico.

      Because the Guideline range is completely derived from what was, to Ms. Ortiz, the arbitrary dimensions of the exact request communicated to her by Mr. Hernandez, consideration of an alternative to incarceration does no violence to the underlying principals of the advisory Guideline regime. Ms. Ortiz was a reactive participant and not an initiator of either her own activity or that of others. In that sense the Guideline range is not an accurate indicator of the nature or extent of her offense, nor does it reflect the inability of Ms. Ortiz to act in any independent criminal role. There would be no disparity between granting her, as compared to those who more affirmatively sought to participate in the charged crime, a sentence that is appropriate to her uniquely subordinate role.

      Final consideration should also be given to the uncertain circumstances that would be thrust upon Ms. Ortiz's now one year old daughter should Ms. Ortiz be deprived of the ability to provide care for her. It is recommended that Ms. Ortiz be sentenced to a period of probation with a requirement that she participate in such training programs and employment opportunities as her supervising officer finds to be appropriate.

                                        Respectfully submitted

                                        /s/

                                        Daniel Nobel

cc:  AUSA Parven Moyne
     (by ECF and e-mail attachment)